OPINION
{¶ 1} Appellant Sue Guy, filed this appeal from the judgment entered in the Stark County Court of Common Pleas, Juvenile Court Division, which terminated all parental rights, privileges and responsibilities of the Appellant with regard to her minor children and ordered that permanent custody of the minor children be granted to the Stark County Department of Job and Family Services (hereinafter SCDJF).
 {¶ 2} This appeal is expedited, and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follows:
 STATEMENT OF THE FACTS AND CASE {¶ 3} The undisputed facts are as follows:
 {¶ 4} Appellant Sue Guy is the natural mother of Johnny Guy, whose date of birth is September 17, 1990; Malinda Guy, whose date of birth is July 30, 1994; and, Corrie Guy, whose date of birth is April 28, 1999. The natural father of the children is John Guy, who was deceased in 2002.
 {¶ 5} On May 30, 2002, the SCDJFS filed a complaint alleging that Johnny Guy, Malinda Guy and Corrie Guy were dependent children and seeking temporary custody of the children.
 {¶ 6} The facts which gave rise to the filing of the Complaint included that the Child and Adolescent Service Center had been providing intensive in-home services to this family for the past three years. Prior to the filing of the Complaint, there had been increasing concerns regarding the welfare of the children. Specifically, Appellant's mental health was deteriorating, the condition of the home was deplorable, the Appellant had engaged in excessive drinking, and the children's daily needs were not being met; and, the Appellant was permitting men into the home who presented a risk of sexual abuse, substance abuse and physical abuse.
 {¶ 7} On June 28, 2002, at the shelter care hearing, the Appellant voluntarily stipulated that the children were dependent and temporary legal custody was granted to SCDJFS. A case plan for the Appellant was approved and adopted by the trial court, which included an evaluation and follow-up for substance abuse, a psychological evaluation and any recommended treatment, the completion of parenting classes, and a psychological assessments and any recommended treatment for the children.
 {¶ 8} On December 31, 2003, SCDJFS filed a Motion for Permanent Custody.
 {¶ 9} On May 4, 2004, an evidentiary hearing was held before the trial court.
 {¶ 10} On May 11, 2004, via judgment entry, the trial court granted permanent custody of Johnny Guy, Malinda Guy and Corrie Guy, to SCDJFS.
 {¶ 11} It is from this decision that Appellant-Mother appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR: {¶ 12} "The judgment of the trial court that the best interests of the minor children would be served by the granting of permanent custody was against the manifest weight and sufficency of the evidence."
 {¶ 13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 14} Ohio Revised Code Section 2151.414(B)(1), addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
 {¶ 15} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held, pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 16} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 17} "(b) The child is abandoned.
 {¶ 18} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 19} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 20} In this case, the trial court found that the minor children could not be placed with the parent at this time or within a reasonable period of time, the Appellant had abandoned the children, and that the children had been in the temporary custody of SCDJFS for 12 of the past consecutive 22 months. These are alternate findings, pursuant to R.C. 2151.414(B)(1), R.C.2151.414(B)(1)(a), (c) and (d) respectively. Any of these findings, if supported by the evidence, would have been sufficient in and of themselves to base a grant of permanent custody, pursuant to R.C. 2151.414(B)(1).
 {¶ 21} In her Assignments of Error, Appellant does not challenge the trial court's finding that the minor children were in the temporary custody of the agency for 12 of the past 22 months. Such a finding is enough to satisfy the requirements of R.C. 2151.414(B)(1). See In Re: Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101. Further, we note that a review of the record supports the trial court's finding. Nor did Appellant challenge the Agency's assertion that the minor children had been in the temporary custody of the Agency for at least 12 months out of 22 months when given an opportunity to do so at the permanent custody hearing.
 {¶ 22} The trial court further found that the grant of permanent custody was in the minor children's best interest. Appellant contends that the trial court's decision is against the manifest weight of the evidence. We disagree.
 {¶ 23} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C.2151.414(D). These factors are as follows:
 {¶ 24} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 29} In the case sub judice, testimony regarding the best interest of the children was as follows: Johnny Guy had some significant mental health and developmental problems. Johnny had been diagnosed with ADHD, has serious sensory integration problems, stunted growth, impaired intellectual functioning and has acted out sexually. The caseworker described the minor child as difficult to parent and testified that there was no significant bond between Johnny and the Appellant. The caseworker also indicated that the minor child took on a parenting role for his siblings in the Appellant's home.
 {¶ 30} Malinda Guy has no known significant physical, mental or emotional disabilities and no developmental problems, however, she has IEP placement at school. Although the minor child and Appellant were bonded to some degree, the caseworker testified that Malinda was strongly bonded with her foster family.
 {¶ 31} Corrie Guy has no known significant physical, mental or emotional disabilities and no developmental problems. However, the minor child has a history of sexual abuse by his older brother and a serious speech impediment. The caseworker testified that the minor child has no significant bond with Appellant.
 {¶ 32} With regards to the children's best interest, the caseworker testified that the children are adoptable and that SCDJFS is committed to that goal. She also testified that the children need a stable, loving environment, which the Appellant is not able to provide. The caseworker stated that any harm, if any, by permanently severing the bond between the children and Appellant was outweighed by the benefit of a "permanent, safe, appropriate home". She further stated that the Appellant is not able to remedy the problems which led to the request for permanent custody. Lastly, we note again that the guardian ad litem recommended that permanent custody be granted to SCDJFS.
 {¶ 33} We find that the trial court's finding that the best interests of the children would be served by granting permanent custody to the SCDJFS was not against the manifest weight of the evidence.
 {¶ 34} We find the evidence to be substantial and credible that it is in the children's best interest to be provided with a safe and stable home environment, which can only be available through permanent custody.
 {¶ 35} Upon review, we find that the trial court had clear and convincing evidence before it to grant the SCDJFS permanent custody of the children.
 {¶ 36} Appellant's Assignment of error is overruled.
 {¶ 37} In conclusion, for the foregoing reasons, we find that the trial court's award of permanent custody to SCDJFS was not against the manifest weight of the evidence.
 {¶ 38} The judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed.
Boggins, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed.